IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONALD ROBERTSON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-2597 |
| | § | |
| RUSHMORE LOAN MANAGEMENT | § | |
| SERVICES, LLC, *et al.*, | § | |
| Defendants. | § | |

# **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 15] filed by Defendants Rushmore Loan Management Services LLC ("Rushmore") and Wilmington Savings Fund Society ("Wilmington").[1] Plaintiff Donald Robertson filed a Response [Doc. # 17], and Defendants filed a Reply [Doc. # 18]. Having reviewed the record and the applicable legal authorities, the Court **grants** Defendants' Motion.

## **I.  BACKGROUND**

On October 1, 2010, Plaintiff obtained a loan for $166,920.00 from Universal American Mortgage Company, LLC, (the "Loan"), to purchase real property located in Spring, Texas (the "Property"). Robertson executed a Promissory Note requiring

---

[1]  Defendant Bank of America, N.A., was dismissed by Agreed Order [Doc. # 10] entered May 7, 2018.

him to make monthly payments. To secure payment of the Loan, Plaintiff and his wife executed a Deed of Trust. The Deed of Trust was subsequently assigned to Bank of America, N.A., and ultimately to Defendant Wilmington, who is also the current owner and holder of the Promissory Note. Rushmore is the current mortgage servicer with respect to Plaintiff's Loan.

Plaintiff made "all of the monthly loan payments due under the Loan until approximately [May] 2011." *See* Affidavit of Donald Robertson, Exh. 1 to Response; Original Petition [Doc. # 1-1], ¶ 12. Plaintiff attempted unsuccessfully to obtain a loan modification. In 2015 and in 2016, Plaintiff filed Chapter 13 bankruptcy petitions to avoid foreclosure.

Following dismissal of the second bankruptcy proceeding, Rushmore sent Plaintiff a Notice of Intent to Accelerate dated May 9, 2017. *See* Exh. A-4 to Motion. The cure amount was $84,795.46, which was due by June 13, 2017. *See id.*

Plaintiff filed this lawsuit on July 31, 2017, in Texas state court, to prevent foreclosure. Defendants filed a timely Notice of Removal [Doc. # 1]. In his Original Petition, Plaintiff asserted causes of action for common law fraud, breach of contract, violation of Regulation X under the Real Estate Settlement Procedures Act ("RESPA"), and violation of the Texas Debt Collection Act.

After the close of discovery, Defendants filed their Motion seeking summary judgment on all four claims asserted by Plaintiff in the Original Petition. In his Response, Plaintiff addressed only the fraud and Regulation X claims.[2] Plaintiff offered no evidence or legal argument in support of his breach of contract and Texas Debt Collection Act claims. The Motion for Summary Judgment is now ripe for decision.

## II. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment against a plaintiff who fails to make a sufficient showing of the existence of an element essential to his case and on which he will bear the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a

---

[2] In the Original Petition, there are no allegations of fraud or of a violation of Regulation X asserted against Defendant Wilmington. Because these are the only two claims that Plaintiff addresses in his Response, Defendant Wilmington is entitled to summary judgment.

matter of law." FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322-23; *Curtis*, 710 F.3d at 594.

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 839 (5th Cir. 2012). The moving party, however, "need not negate the elements of the nonmovant's case." *Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 505 (5th Cir. 2014) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). The moving party may meet its burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003) (citing *Celotex*, 477 U.S. at 323; *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *See Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004); *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action." *Spring Street Partners-IV, L.P. v. Lam*, 730 F.3d 427, 435 (5th Cir. 2013). "A dispute as to a material fact is genuine if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *See Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *See Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "'Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial.'" *Pioneer Exploration, L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002)); *accord Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012) (citation and internal quotation marks omitted). In the absence of any proof, the court will not

assume that the non-movant could or would prove the necessary facts. *See Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The Court does not make credibility determinations or weigh any evidence. *See Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co.*, 336 F.3d at 412-13). The Court is not, however, required to accept the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence. *Id.* (citing *Reaves Brokerage*, 336 F.3d at 413); *accord, Little*, 37 F.3d at 1075. Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(c)(4); *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir. 2000).

## III. ANALYSIS

### A. Breach of Contract and Texas Debt Collection Act Claims

Rushmore argues that the breach of contract claim fails because it is undisputed that Plaintiff, by defaulting under the terms of the Loan, was in breach prior to any alleged breach by Rushmore. Defendants argue also that the Texas Debt Collection Act claim fails because Rushmore provided the required Notice of Default and Intent to Accelerate on May 9, 2017. *See* Motion, p. 7 (citing Business Records Affidavit of Michael Bennett; Exh. A-4). Plaintiff in his Response does not challenge

Defendants' Motion regarding the breach of contract and Texas Debt Collection Act claims. Absent evidence or legal argument in support of these claims, Defendants are entitled to summary judgment.

### B. Fraud Claim

In his Original Petition, Plaintiff alleges that Rushmore engaged in common law fraud when it agreed to review and consider Plaintiff's loan modification request. In his Response, Plaintiff alleges that Rushmore made a false representation when it informed Plaintiff on March 5, 2015, that his "Relationship Manager" was Valerie Villanueva, then informed Plaintiff on March 19, 2015, that his "Relationship Manager" was Hector Enciso.

To avoid summary judgment on his fraud claim, Plaintiff must present evidence that (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) Plaintiff acted in reliance on the representation; and (6) thereby suffered injury. *See Harris Cnty. v. MERSCORP Inc.*, 791 F.3d 545, 558 (5th Cir. 2015) (citing *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011)). Under Texas law, a promise of future performance constitutes actionable fraud only

if "the promise was made with no intention of performing at the time it was made." *Formosa Plastics,* 960 S.W.2d at 48; *Hall v. Douglas*, 380 S.W.3d 860, 870-71 (Tex. App. – Dallas 2012, no pet.).

Plaintiff has failed to present evidence that raises a genuine issue of material fact regarding the false representation element of his fraud claim. To the extent Plaintiff bases his fraud claim on representations that Rushmore would review and consider his loan modification request, the allegedly false misrepresentation is expressly contingent future conduct. *See, e.g., Spencer v. Deutsche Bank Nat. Tr. Co.*, 2014 WL 7151505, *5 (S.D. Tex. Sept. 17, 2014) (report and recommendation adopted). The uncontroverted documentary evidence in the record establishes that Rushmore repeatedly requested additional information from Plaintiff to enable it to review and consider the loan modification request. Plaintiff has failed to present evidence that, when Rushmore stated that it would consider his loan modification request, it intended not to perform.

With reference to the representations regarding Plaintiff's "Relationship Manager," there is no evidence that the representation that Valerie Villanueva was the Relationship Manager on March 5, 2015, or the representation that Hector Enciso was the Relationship Manager on March 19, 2015, were false statements at the time they

were made.[3] The evidence in the record demonstrates only that the named individual changed between March 5 and March 19, and that Plaintiff had difficulty contacting both individuals.

Plaintiff has failed to present evidence that raises a genuine issue of material fact that Rushmore made false representations of material fact regarding its review and consideration of the loan modification request or the identity of the Relationship Manager assigned to Plaintiff. As a result, Defendants are entitled to summary judgment on Plaintiff's fraud claim.

### C. **RESPA Regulation X Claim**

Plaintiff alleges that Rushmore violated 12 C.F.R. § 1024.41 ("Regulation X") by initiating foreclosure proceedings while he had a "complete loss mitigation application" pending. *See* Original Complaint, ¶ 50. Regulation X provides for a private right of action pursuant to section 6(f) of RESPA. *See* 12 U.S.C. § 1024.41(a).

The documentary evidence in the record establishes that Plaintiff did not have a "complete loss mitigation application" pending for consideration by Rushmore at any time. Indeed, Plaintiff admits that Rushmore advised him repeatedly that his loan modification application was incomplete. *See* Robertson Aff., ¶ 13, ¶ 15, ¶ 17, ¶ 19,

---

[3] Additionally, Plaintiff has presented no legal or factual basis for the identity of a Relationship Manager being a material representation under the circumstances of this case.

¶ 21. Plaintiff relies on the first page of a letter from Rushmore dated August 5, 2016, and the first page of a letter from Rushmore dated October 20, 2016.[4] On the first page of each letter, Rushmore acknowledged receipt of Plaintiff's "home retention package wherein [he was] seeking homeowner assistance . . .." *See* First Page of Letters, Exhs. A-4 and A-5 to Response. On the second page of these two letters, which Plaintiff failed to include in his exhibits, Rushmore advised Plaintiff that it had completed its initial review of the home retention package and that the application was "considered incomplete because it is missing the following required documentation . . .." *See* Second Page of Letters, Exhs. B-11 and B-14 to Reply. Each letter then listed the documentation that was missing at the time the letter was sent to Plaintiff. *See id.* When Plaintiff failed to provide the missing documentation, Rushmore sent him a letter dated November 9, 2016, advising him that Rushmore was closing its file because it did not have a completed Home Retention Package to review. *See* Letter, Exh. B-15 to Reply. In that letter, Rushmore invited Plaintiff to contact its office if he wanted his loan "to be reviewed for workout opportunities in the future." *See id.*

---

[4] Plaintiff admits receiving both letters. *See* Robertson Aff., ¶ 19 ("After receiving this [August 5, 2016] letter, I, or my wife, then called Rushmore . . .."); ¶ 21 ("After receiving the October 20, 2016 letter . . ., I called Rushmore . . ..").

Plaintiff has failed to present evidence that raises a genuine issue of material fact regarding whether Rushmore instituted foreclosure proceedings while he had a completed loan modification application pending. As a result, Rushmore is entitled to summary judgment on the Regulation X claim.

## IV. CONCLUSION AND ORDER

Plaintiff does not challenge Defendants' request for summary judgment on the breach of contract and Texas Debt Collection Act claims. Plaintiff has failed to present evidence that raises a genuine issue of material fact on his fraud and his RESPA Regulation X claims. As a result, it is hereby

**ORDERED** that Defendants' Motion for Summary Judgment [Doc. # 15] is **GRANTED**. The Court will issue a separate final judgment.

SIGNED at Houston, Texas this **28th** day of **November, 2018.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE